UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED ASSOCIATION OF PLUMBERS AND
STEAMFITTERS LOCAL NO. 22, et al.,

                         Plaintiffs,
           v.                                 **DECISION AND ORDER**
                                                      14-CV-070S

H&M PLUMBING AND MECHANICAL
CONTRACTING INC., DAVID J. MORRISON
and D. JUSTIN MORRISON

                         Defendants.

## I.  INTRODUCTION

Plaintiffs commenced this breach of contract action in February 2014 against Defendant H&M Plumbing and Mechanical Contracting Inc. ("H&M") pursuant to section 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U. S. C. §185).  Plaintiffs filed an amended complaint on March 14, 2014 that additionally named David J. Morrison and D. Justin Morrison as defendants.  H&M was served with the Amended Complaint on March 21, 2014, and the remaining defendants were served on April 7, 2014.  Although the parties stipulated to an extension of time in which all Defendants could respond to the Amended Complaint, only Defendant D. Justin Morrison filed an answer.

The Clerk of this Court filed an Entry of Default against Defendants H&M and Defendant David J. Morrison with respect to the Amended Complaint on June 3, 2014. Plaintiffs moved for a default judgment as against these Defendants on this pleading, but filed a second and third amended complaint prior to resolution of the motion. That motion

was therefore dismissed as moot in light of the subsequently filed pleadings. (see Docket No. 46 (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994); Rock v. AM. Exp. Travel Related Servs., No. 1:08-CV-0853 (GTS/RFT), 2008 WL 5382340, *1 (N.D.N.Y. Dec. 17, 2008)).) Plaintiffs filed their second motion for a default judgment on the Third Amended Complaint in December 2014. (Docket No. 47.)

## II. DISCUSSION

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See Fed. R. Civ. P. 55(a). Here, Plaintiffs obtained a default from the Clerk with respect to H&M and David Morrison on their first complaint, but did not seek a new entry of default on the Third Amended Complaint. As with a motion for a default judgment, once an original complaint is superseded, a clerk's entry of default on that pleading is also mooted. Allstate Ins. Co. v. Yadgarov, No. 11-CV-6187(PKC)(VMS), 2014 WL 860019, *8, n. 12 (E.D.N.Y. Mar. 5, 2014) (collecting cases). Nonetheless, Plaintiffs assert no new claims against the defaulting Defendants in the Third Amended Complaint, therefore service of this pleading was not required. DeCurtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (citing Fed. R. Civ. P. 5(a)(2)); Yadgarov, 2014 WL 860019 at *7. This Court will therefore deem the present motion a request for an entry of default as well as a judgment, and direct the Clerk of the Court accordingly.

Once a default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d

Cir. 1992), *cert denied*, 506 U.S. 1080 (1993). In considering whether to enter a default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. See Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

In the Third Amended Complaint (Docket No. 41), Plaintiffs' first two causes of action are asserted against only Defendant H&M, and allege that: (1) Defendant H&M breached a Forbearance Agreement that established a payment plan for the $206,615.56 it owed pursuant to a collective bargaining agreement ("CBA") for fringe benefit contributions, dues, and penalties from May to August 2013; and (2) Defendant H&M failed to pay additional contributions due under the CBA during 2013, as well as interest and liquidated damages on these missed or untimely made contribution payments. Plaintiffs demanded a judgment against H&M on their first cause of action of "not less than $137,743.74," the amount unpaid under the Forbearance Agreement, plus interest, attorneys' fees and costs. (Docket No. 41 at 18.) On the second cause of action, Plaintiffs demanded a judgment against Defendant H&M for "not less than $196,015.66 plus attorneys' fees and costs." (Id. at 18-19.)

Plaintiffs' third cause of action alleges that Defendant David J. Morrison,[1] is or was a fiduciary with respect to the Funds pursuant to 29 U.S.C. § 1002(21) "with respect to amounts not paid to the Funds by reason of their possession, authority and control respecting the management or disposition of assets of the Funds in their possession." (Th. Am. Compl. ¶ 83.) Plaintiffs further allege that Morrison violated his fiduciary duties under 29 U.S.C. §§ 1103(a) and 1104 by "retaining Fund assets that were not properly payable to [him] and/or diverting Fund assets and/or diverting Fund assets for [his] own respective use or benefit." (Compl ¶ 85.) Accordingly, Plaintiffs requested a judgment against Defendant Morrison:

> (i) requiring Defendant[ Morrison] . . . to render an accounting of assets of the Funds received and held by [him], or in the alternative directing an audit of said individual Defendant[] to allow the Funds to prepare such an accounting; (ii) enjoining Defendant[] . . . to comply with governing law, the CBA and other documents incorporated into the CBA, including the applicable Trust Agreements and/or plan documents of the Funds concerning the care and custody of assets of the Funds and accounting for the custody and earnings on such Fund assets; [and] (iii) requiring Defendant[] . . . to reimburse the Funds for any losses resulting from his breach of fiduciary duties and to restore to the Funds any profits which have been made through use of Fund assets.

(Th. Am. Compl. ¶ 87.)

Despite these three distinct causes of action, Plaintiffs' current motion seeks a judgment against Defendants H&M and David J. Morrison, jointly and severally, in the amount of $622,331.70 plus interest pursuant to Section 7.6 of the parties' CBA. (Docket Nos. 47-1 at 6, 47-6 at 2.) This amount reflects $489,498.10 in unpaid fringe benefit contributions, which includes additional missed payments for January through May 2014;

---

[1] Plaintiffs' third cause of action is also asserted against Defendant D. Justin Morrison, who is not in default.

$63,871.05 in interest calculated pursuant to the CBA; $42,858.55 in liquidated damages pursuant to the CBA; and $26,104.00 in attorney's fees and costs. (Docket No. 47-1 at 6; See Th. Am. Compl. ¶ 79 (Plaintiffs' second cause of action against H&M asserts this Defendant continued to be delinquent in contributions from January through April 2014).) The failure to link the requested relief to the individual causes of action alleged raises several concerns.

Initially, a portion of the unpaid contributions and related penalties are subject to the forbearance agreement between the parties. (Th. Am. Compl. ¶¶ 37-39, 62-68, Exs I (labeled "F"), J.)  This agreement memorializes a "Settlement Amount" for these unpaid amounts. (Th. Am. Compl. Ex I.) A confession of judgment was signed by Defendant David Morrison on behalf H&M for the sum of $206,615.56. (Id. Ex J.) In the event of a default, which Plaintiffs have alleged, Plaintiffs had the right to file the confession of judgment for this agreed-upon amount "plus interest at the rate of one (1%) per month, costs and attorneys fees, crediting H&M with any payments made by H&M toward the $206,615.56." (Id. ¶ 65 Ex J.)  Even assuming that the "Settlement Amount" merely reflects the total of unpaid contributions from May through August 2013 without any concessions or adjustments,[2] the Forbearance Agreement expressly states that it is binding upon H&M, "but shall not create personal or individual liability" of H&M's "administrators, trustees, officers, directors, shareholders, subsidiaries, affiliates, successors and assigns." (Id. Ex I.)  Because Plaintiffs' first cause of action is expressly asserted against only H&M

---

[2]The amount owed for these months totals $192,889.10 as listed in Exhibit K to the Third Amended Complaint. (See Docket Nos. 41-11.) As noted, the Settlement Amount, which is only marginally higher, includes penalties. (Th. Am. Compl. Ex I.)

"pursuant to the terms of the Forbearance Agreement and Confession of Judgment," holding Defendant David Morrison jointly and severally liable for the unpaid obligations associated with this claim would be improper. (Id. ¶ 68.)

Moreover, it is unclear under what theory Plaintiffs are seeking to hold Defendant Morrison jointly and severally liable for the entirety of the unpaid contributions. Generally, a corporate employer does not have a fiduciary obligation to make trust fund contributions;" rather, that obligation is contractual.  Sasso v. Cervoni, 985 F.2d 49, 51 (2d Cir. 1993) (citing 29 U.S.C. § 1002(21)(A)), *cert denied* 508 U.S. 973 (1993).  Thus, absent special circumstances, "an individual is not liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager." Sasso, 985 F.2d at 50; Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., 779 F.3d 182, 188 (2d Cir. 2015). "These 'special circumstances' included corporate officers who conspired to defraud ERISA funds as well as non-fiduciaries who participated in a fiduciary's breach of ERISA trust obligations." Hardy v. Kaszycki & Sons Contractors, Inc., 870 F. Supp. 489, 495 (S.D.N.Y. 1994); see Leddy v. Standard Drywall, Inc., 875 F.2d 383, 387 (2d Cir. 1989) (individual liability found where controlling corporate official did not merely fail to make required contributions, but actively conspired with other corporate officials to defraud the benefit fund).

Here, even assuming the conclusory assertion that Defendant Morrison was a fiduciary suffices to establish his joint and several liability for the unpaid contributions, Plaintiffs never requested this relief.  Instead, the Third Amended Complaint seeks an accounting and injunctive relief with respect to Defendant Morrison.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.

R. Civ. P. 54(c); see Silge v. Merz, 510 F.3d 157, 159 (2d Cir. 2007). Although Plaintiffs request that Morrison be directed to reimburse the Funds for any losses resulting from his breach of fiduciary duties, there is no basis on which to assume that these losses equate with the unpaid contributions. If that were the case, there would be no need for an accounting.

### III. CONCLUSION

For the reasons stated above, the Court finds that the collective relief requested in the motion for a default judgment does not comport with the relief requested in connection with each of the three causes of action alleged in the Third Amended Complaint. Plaintiffs' motion is therefore denied.

### IV. ORDERS

IT HEREBY IS ORDERED, that the Clerk of the Court is directed to enter a default against Defendants H&M Plumbing and Mechanical Contracting Inc. and David J. Morrison pursuant to Rule 55(a) of the Federal Rules of Civil Procedure with respect to the Third Amended Complaint;

FURTHER, that Plaintiffs' Second Motion for a Default Judgment against these Defendants (Docket No. 47) is DENIED without prejudice.

SO ORDERED.

Dated: April 13, 2013
     Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            Senior District Court Judge